UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
PORTLAND DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:17-cr-00117-NT |
| | ) | |
| v. | ) | |
| | ) | |
| MST MINERALIEN SCHIFFAHRT SPEDITION UND TRANSPORT GMBH, et al., | ) ) ) ) | |

### DEFENDANTS' EMERGENCY MOTION TO COMPEL PRODUCTION OF INTERVIEW NOTES, DOCUMENTS UNDER SEAL, AND OTHER STATEMENTS AND MATERIALS IN THE POSSESSION OF THE UNITED STATES

**COME NOW,** Defendants MST MINERALIEN SCHIFFAHRT SPEDITION UND TRANSPORT GMBH ("MST") and REEDEREI MS MARGUERITA GMBH & CO. GESCHLOSSENE INVESTMENT-KG ("Reederei") (collectively "Defendants") by and through undersigned counsel, who hereby move this Honorable Court for an Order pursuant to Rule 16 of the Federal Rules of Criminal Procedure compelling the government to produce all government agents' notes, including but not limited to all rough notes, handwritten notes, and smooth memoranda, from the meetings, interviews, and interrogations that the government conducted of crewmembers from the M/V MARGUERITA. Defendants further seek production of any and all affiliated pleadings commenced by or related to the Vessel's crewmembers which are presently under seal. Defendants move for an order directing the production of all responsive material by Friday September 8, 2017. In support thereof, Defendants respectfully show as follows:

### EMERGENCY CONSIDERATION IS NECESSARY AND WARRANTED

On August 24, 2017, Magistrate Judge Rich ordered the depositions of Messrs. Peter Demcak, Damir Kordic, Jaroslav Hornof, and Lukas Zak to proceed within thirty (30) days. These

depositions are presently set to go forward on September 11 – 13, 2017.  Defendants necessarily must have all disclosures and discovery from the government provided for under the Federal Rules of Criminal Procedure Rules 6 and 16; *Brady v. Maryland*, 373 U.S. 83, (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Agurs*, 427 U.S. 97 (1976) and their progeny. Defendants request the production as soon as possible and alternatively, no later than Friday September 8, 2017, so that Defendants have adequate time to review the production prior to the commencement of the depositions on Monday, September 11, 2017.

Local Rule 147(b) generally provides the opposing party twenty-one (21) days to file an objections to the relief sought in a motion.  However, where the motion concerns a time sensitive issue, the Court has the inherent authority to shorten the notice and response period so that a hearing on the motion may be heard as expeditiously as possible.  The parties are presently set for an initial appearance and arraignment before the Court on Friday September 8, 2017 at 2:00 p.m. It is respectfully requested that a hearing on Defendants' motion be heard at that time.

## **FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of the present matter is set forth in greater detail in Defendants' September 1, 2017, Motion to Quash Government's Application for "Ground Rules," with Incorporated Opposition, and Motion to Compel Complete Disclosures (DE 8) and is incorporated herein.  The M/V MARGUERITA (the "Vessel") arrived at Portland, Maine, on or about July 7, 2017, to perform cargo operations. Immediately after arrival, no fewer than thirteen (13) government agents, including United States Coast Guard inspectors and Coast Guard Investigative Service criminal investigators,[1] boarded the vessel to search for evidence of a crime following the

---

[1] The U.S. Coast Guard Investigative Service ("CGIS") "is a federal law enforcement agency whose law enforcement authority is derived from Title 14 of the United States Code. This authority provides for Coast Guard special agents to conduct investigations of actual, alleged or suspected criminal activity; carry firearms; execute and serve warrants; and make arrests." www.uscg.mil/hq/cg2/cgis/ last accessed September 1, 2017.

2

voluntary report by Defendants of suspected misconduct at sea. *See* DE 8, pp. 1-4.

On Saturday, September 2, 2017, the government made a voluminous *haystack* discovery disclosure of documents and materials most of which had previously been produced to the government by Defendants' through their response to the grand jury subpoena and from materials and records taken from the Vessel by the Coast Guard. While seemingly impressive in volume, the production was largely the reproduction of documents, materials, and correspondence which Defendants had already provided to the government. In the middle of the haystack were approximately fifty (50) pages of typewritten summaries of the Coast Guard's investigation onboard and interviews of the crew completed by the Coast Guard to support the government's investigation. The government has stated that an additional "batch" of disclosures would be forthcoming on or before Thursday, September 7, 2017, but has not identified what the forthcoming materials are. **No** handwritten or rough notes of the interviews have been received.

Today, on September 5, 2017, the government stated that it was not going to produce the handwritten or rough notes, stated that it had no other audio recordings it was planning to produce,[2] and was unwilling to produce documents from the sealed proceedings involving the crewmembers from the MARGUERITA. *See* **Exhibit 1**. Defendants respectfully request an Order pursuant to Fed R. Crim. P. Rule 16, compelling the government to, *inter alia*:

1. Produce all government agents' notes (including handwritten, rough, and smooth notes and memoranda) from the various crew member interviews and interrogations conducted both on

---

[2] The government later clarified that "after conducting a diligent search, we have provided all audio and video that is in our possession or known to us." There is no dispute that responsive audio and/or video material is required to be produced under Fed. R. Crim. P. 16 and that should additional responsive materials be identified, the government has the obligation to immediately produce same.

3

board the Vessel and since the crew disembarked;[3]

2. Produce all materials and filings from the affiliated cases involving the crewmembers which were previously filed under seal.

## ARGUMENT AND AUTHORITIES

### I.   THE ROUGH NOTES MUST BE PRODUCED PURSUANT TO RULE 16

Rule 16(a)(1)(B)(ii) provides that, upon request, the government must produce "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent." Fed. R. Crim. P. Rule 16(a)(1)(B)(ii). On August 28, 2017, and August 31, 2017, Organizational Defendants made its Rule 16 requests for such notes from the government. *See* **Exhibit 2**. Organizational Defendants requested the following:

> **(c) Defendant's Written or Recorded Statements [FRCrP 16(a)(1)(B)].** Any relevant written or recorded statement by and/or on behalf of Reederei, MST, or any other defendant, or any person involved in the alleged conduct constituting the offense within the possession, custody, or control of the government that are known to you, or through due diligence may become known, to the extent not already provided.  This request also includes any and all "rough" or "handwritten" notes of discussions, meetings, interviews, interrogations, and/or statements relating directly or indirectly to the government's investigation made by any of the officers and crewmembers of the M/V MARGUERITA to the Coast Guard, Coast Guard Investigative Services, and/or any other government agents all in accordance with Fed. R. Crim. P. 16(a)(1)(B)(ii). *See United States v. Clark*, 385 F.3d 609, 619 (6th Cir. 2004)*; United States v. Molina Guevara,* 96 F.3d 698, 705 (3d Cir. 1996)("As the government conceded before us, production of these notes was required by Federal Rule of Criminal Procedure 16); *see also United States v. Hackett*, 2011 U.S. Dist. LEXIS 127123 (N.D. W. Va. 2011); *United States v. Ferguson*, 478 F. Supp. 2d 220, 238 (D. Conn. 2007).

*Id.,* at p. 2.

---

[3] At the demand of the U.S. Coast Guard and as a condition for the reinstatement of the Vessel's departure clearance, nine (9) crew members were required to disembark their shipboard home and were functionally detained in the District of Maine living in a local hotel since July 13, 2017.  The crew members' hotel, daily *per diem*, and their total wages are all being provided at the cost and expense of MST and Reederei.  Several crewmembers have obtained their release following applications to the Court.  Four (4) individuals remain in the district and are set for Court ordered depositions on September 11 – 13, 2017.

A.     **COURTS HAVE ROUTINELY ORDERED THE PRODUCTION OF ROUGH NOTES**

"The rule plainly requires production of 'any written record' containing statements made during interrogation and is 'not limited to a typed, formalized statement' or 'a verbatim or near-verbatim transcription.'" *United States v. Stein*, 424 F. Supp. 2d 720, 728-29 (S.D.N.Y. 2006) (citing *United States v. Vallee,* 380 F. Supp. 2d 11, 12 (D. Mass. 2005)); *see also United States v. Hackett*, 2011 U.S. Dist. LEXIS 127123 (N.D. W. Va. 2011); *United States v. Ferguson*, 478 F. Supp. 2d 220 (D. Conn. 2007). As the Advisory Committee Notes make clear, the record requested "must only be some written reference which would provide some means for the prosecution and the defense to identify the statement." Fed R. Crim. P. Rule 16 Advisory Committee's note on 1991 Amendments; *see also United States v. Adams*, 2014 U.S. Dist. LEXIS 2529, *3 (W.D. Va. 2014).

Although there is no direct authority from the First Circuit Court of Appeals squarely on point, at least two (2) decisions from District Courts within the First Circuit (as well as numerous decisions from other Circuit Courts) compel the conclusion that rough notes taken by federal agents[4] of meetings, interviews and interrogations of the crewmembers would clearly fall within the disclosure requirements of Rule 16(a)(1)(B)(ii). *See United States v. Almohandis*, 307 F. Supp. 2d 253 (D. Mass. 2004) ("[Rule 16(a)(1)(B)(ii)] requires the production of 'any written record of the substance of any relevant oral statement . . . .' The notes are 'a' written record. They may not be the only written record, but they certainly are 'a' written record." (alteration in original)). Organizational Defendants are, according to the plain language of the rule, entitled to any written

---

[4] While Rule 16(a) only applies to materials within the "possession, custody, or control of the government," courts have found that the "possession, custody, or control of the government" requirement includes materials in the hands of a governmental investigatory agency closely connected to the prosecutor. *See, e.g.*, *United States v. Scruggs*, 583 F.2d 238, 242 (5th Cir. 1978).

5

record containing the substance of any oral statement(s).[5] In *United States v. Vallee*, 380 F. Supp. 2d 11 (D. Mass. 2005), the District Court reviewed the plain meaning of Rule 16, the Advisory Committee Notes, and applicable case law, holding:

> The language of Rule 16 plainly, and unambiguously, requires the production of ***any*** handwritten notes of government agents containing the substance of anything said by the defendant during interrogation. Notably, the rule requires the disclosure of "any written record" containing "the substance of any relevant oral statement." It is thus not limited to a typed, formalized statement. It is not limited to a verbatim or near-verbatim transcription. It is not limited to the clearest, most readable version of the defendant's statement. Nor does the rule contain any limitations on the nature of the statement (for example, that it be exculpatory) or its intended use (for example, that the government intends to use it at trial), other than the command that it be "relevant."

*Id*., 380 F. Supp. 2d at 12. (emphasis added); *see also United States v. Lilly*, 2003 U.S. Dist. LEXIS 980, * 3, * 6 (W.D. Va. 2003) (finding that it was "clear" that the agent's notes from his questioning of the defendant were a "written record" that contain the "substance of . . . oral statements made by the defendant" and, as such, "discovery of the agent's notes is the most appropriate means of protecting the rights of the accused."); *see also United States v. Clark*, 385 F.3d 609, 619 (6th Cir. 2004) ("[T]he government violated Rule 16 by failing to turn over [the interrogating agent's] rough notes upon Defendant's request."); *United States v. Molina Guevara*, 96 F.3d 698, 705 (3d Cir. 1996) (production of government agent's handwritten notes from interview with defendant was required under Rule 16).

Moreover, government agent rough notes are discoverable by organizational defendants such as MST and Reederei, under Rule 16, as the express language of the Rule requires disclosure

---

[5] It bears noting that although the 1991 amendment to Rule 16(a)(1)(B)(ii) has provided sharp focus on the disclosure requirement of agent rough notes upon request; courts ordering such production is not a recent phenomenon. *See United States v. Layton*, 564 F. Supp. 1391, 1392 (D. Or. 1983)("defendant's statements and any notes taken by the agents in their interview of the defendant should be produced.") (citing *United States v. Bailleaux*, 685 F.2d 1105, 1114 (9th Cir.1982)); *see also  United States v. Egan*, 501 F. Supp. 1252, 1264 (S.D.N.Y.1980) (Defendant entitled to production of statements and agent rough notes under Rule 16);

of any written record of the defendant's oral statements and by extension, the organizational defendants' alleged employees and/or agents for whose alleged acts and/or omissions each of the companies have been vicariously charged. *See* Rule 16(a)(1)(C) (requiring disclosure to organizational defendant of any statement described in Rule 16(a)(1)(A) or (B)). Moving defendants are plainly entitled to disclosure of the handwritten notes pertaining to these interviews and interrogations of their purported agents and/or employees under Rule 16(a)(1)(B)(ii). *See*, *e.g.*, *United States v. Blatt*, 2007 U.S. Dist. LEXIS 44568 (E.D. Pa. 2007)(ordering production of rough notes of statements made by corporate defendant's agents and employees); *United States v. W.R. Grace*, 401 F. Supp. 2d 1087 (D. Mont. 2005) (same); *Stein*, 424 F. Supp. at 728-29.

**B.     THE ROUGH NOTES ARE ROUTINELY PRODUCED IN SIMILAR "VESSEL" CASES**

District Courts which have reviewed this request in similar matters where ship owning and/or managing defendants are vicariously alleged to have violated U.S. law, have ordered the government to produce the rough notes requested. *See, e.g., United States v. Aegean Shipping Management, S.A.*, et al., 16-cr-551, Order DE 144 (D. S.C. Oct. 20, 2016) (a copy of District Judge Seymour's decision ordering the production of all rough notes is attached hereto as **Exhibit 3**); *United States v. Angelex Ltd., et al.*, 13-cr-70, Order DE 46 (E.D. Va. July 22, 2013) (Magistrate Miller granted motion to compel in its entirety and ordered production of "all interview notes and other statements and materials in the possession of the United States." Magistrate Miller found that as it was the government's theory of prosecution that all of the crewmembers onboard the vessel were "employees whose statements could bind the defendant Angelex Ltd.", then the organizational defendant was entitled to the rough notes under, *inter alia*, Fed. R. Crim. P. Rule 16(a)(1)(C). A copy of Magistrate Miller's decision is attached hereto as **Exhibit 4**.). In both the *Aegean Shipping* and *Angelex* cases, the government argued that the Fourth Circuit did not require

7

the production of rough notes.  Such an argument has already been raised by prosecutors in their correspondence with respect to the First Circuit (*See* **Exhibit 1**).  The government's position has been repeatedly rejected by District Courts which have reviewed the issue, including the Courts in *Aegean Shipping* and *Angelex*.  It is respectfully submitted that this Court should follow the well-reasoned opinions of District and Circuit Courts which have ordered the production of rough notes in this matter.

District Judge Janet Bond Arterton's decision on this very issue in *United States v. Ionia Management S.A.*, No. 3:07-cr-134-JBA, Order DE 92 (D. Conn. Aug. 3, 2007) is also instructive. Like this matter, *Ionia* involved a corporate defendant alleged to have violated the Act to Prevent Pollution from Ships (33 U.S.C. §§ 1901, *et seq.*), based on theories of vicarious liability for the unknown and unauthorized acts of shipboard staff.  In granting the defendant's motions for agents' rough notes, Judge Arterton rejected the government's argument that it was not required to disclose the rough notes because the substance of the notes was contained in typewritten reports that had already been produced to the defendant.  Relying on the Sixth Circuit's decision in *Clark*, *supra* at 619, and the Third Circuit's decision in *Molina Guevera*, *supra* at 705, the district court concluded that "the weight of current authority appears to be against [the government's position"], and Judge Arterton ordered that the government "must produce all of the agents' rough notes of interviews/interrogations conducted with the defendant's employees/agents, whether or not the agent-authors are testifying at trial in the Government's case in chief."  For the Court's ready reference, a copy of Judge Arterton's decision is attached hereto as **Exhibit 5**;  *see also United States v. Fleet Management Ltd., et al.*, No. 07-cr-279-JRP, Order D.E. #101 (E.D. Pa. Sept. 27, 2007) (where District Judge Padova ordered the production of "rough notes of interviews conducted by Government agents on board the Valparaiso Star"); *United States v. Giuseppe*

*Bottiglieri Shipping Co., et al.*, No. 1:12-cr-0057-CG, Order D.E. #86 (S.D. Ala. 2012) (where the government voluntarily produced the rough notes it knew it was required to produce upon defendant's motion for same).

### C.     THERE IS NO PREJUDICE TO THE GOVERNMENT

The government cannot argue that there is any prejudice to the production of the agent "rough notes."  On the other hand, Defendants face serious threat of prejudice and the abrogation of their right to a fair trial without the opportunity to review and inspect the original "rough notes." *See, e.g.*, *United States v. Lilly*, 2003 U.S. Dist. LEXIS 980, 6-7 (W.D. Va. 2003)("Even though the government provided the defendant with a summary of the statements made to [the agent], 'in some cases the information contained in thorough notes taken from the witness himself ***might be more credible and more favorable to the defendant's position than the final version.***'")(citing *United States v. Poindexter*, 727 F. Supp. 1470, 1483 (D.D.C. 1989)(emphasis added); *United States v. Nelson*, 2010 U.S. Dist. LEXIS 118363, 23-24 (M.D. Fla. 2010).  In *United States v. OK Park*, 319 F. Supp. 2d 1177 (D. Guam 2004), the Court summarized the need for producing rough notes pursuant to Fed R. Crim. P. Rule 16:

> Summaries of conversations prepared by the government are not the equivalent of actual notes for several reasons. First, summaries invariably involve a process of interpretation and characterization. That is the essence of a summary. Different individuals may hear or read the same words and summarize their meaning differently. Second, context, emphasis, and subtle distinctions may not be precisely captured by summaries. . . . Third, because the government is not necessarily privy to the defense's strategy, seemingly innocuous or immaterial statements by a witness may not be included in a summary. These seemingly innocuous or immaterial statements may, because of different facts known to the defense, be important for purposes of impeachment.

*Id*.

The production of rough notes under Rule 16 is quite clear and it is respectfully submitted that it is necessary and required in this matter.  The administration of discovery in criminal cases

9

should not be permitted to be reduced to a "*game of combat by surprise.*" *Fryer* v. *United States*, 207 F.2d 134, 136 (D.C. Cir. 1953) (emphasis added).

## II.     THE PLEADINGS FROM ASSOCIATED CASES SHOULD BE PRODUCED BY THE GOVERNMENT OR UNSEALED

There are currently four (4) affiliated actions pending under seal which involve the four (4) crewmembers whose depositions are set for September 11 – 13, 2017. These actions contain statements made by the testifying witnesses either affirmatively or through counsel. Upon information and belief, the docket numbers and pleadings are as follows: 2:17-mj-00154-JHR - Arrest Warrants for Zak & Zakharchenko; 2:17-mj-184-JHR/2:17-mj-185-JHR – Emergency Motion to Dissolve Warrants, Release Witnesses, or for Deposition by Kordic and Demcak; 2:17-mc-199-JHR – Petition to Return All of Crew Passports pursuant to Rule 41(g). In order to prepare for the upcoming depositions, Defendants respectfully request copies of complete sets of the documents, materials, pleadings, affidavits, declarations, and/or memorandums of law filed by the government and/or government agents in the aforementioned proceedings.

## CONCLUSION

For the reasons set forth more fully above, Defendants MST and Reederei, respectfully request an Order directing and compelling the government to promptly disclose all agent rough notes from the meetings, interviews, and interrogations conducted of the shipboard staff from the M/V MARGUERITA since the Coast Guard's initial boarding beginning on or about July 7, 2017, to date and the production of all pleadings and filings in the related crewmember proceedings which are currently under seal.

Dated: Oyster Bay, NY
    September 5, 2017	CHALOS & Co, P.C.

/s/ George M. Chalos
George M. Chalos
*Pro Hac Vice*
55 Hamilton Avenue
Oyster Bay, New York 11771
Telephone:	(516) 714-4300
Facsimile:	(516) 750-9051
Email:	gmc@chaloslaw.com

*Lead Trial Counsel for Defendants*

-and-

Portland, ME	/s/ Peter E. Rodway
Peter E. Rodway
RODWAY & HORODYSKI
P.O. BOX 874
PORTLAND, ME 04104
207-773-8449
Email: rodlaw@maine.rr.com

*Local Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 5, 2017, I arranged for a copy of the foregoing to be served via ECF on counsel for the United States of America:

                                      /s/ George M. Chalos
                                      George M. Chalos