**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
PORTLAND DIVISION**

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )     **CRIMINAL NO. 2:17-cr-00117-NT**
**v.**                              )
                                    )
**MST MINERALIEN SCHIFFAHRT**       )
**SPEDITION UND TRANSPORT**         )
**GMBH,** *et al.*                  )
_____)


**FIRST MOTION TO CONTINUE TRIAL
IN THE INTERESTS OF JUSTICE**

     **COME NOW**, MST Mineralien Schiffarht Spedition und Transport GmbH ("MST") and

Reederei MS Marguerita GmbH & Co. Geschlossene Investment-KG ("Reederei") (collectively,

"Movants" or "Organizational Defendants"), by and through undersigned counsel, and hereby

move this Honorable Court for leave to file this Motion and incorporated Memorandum of Law to

Continue trial pursuant to 18 U.S.C. 3161, *et seq*. In support, Defendants respectfully show the Court as

follows:

**FACTS AND PROCEDURAL BACKGROUND**

     On August 22, 2017, a nine (9) count Indictment ("Indictment") was sought and obtained

against <u>each</u> Organizational Defendant. *See* Doc. 1.[1] On September 8, 2017, Defendants appeared

before Magistrate Judge Rich; were arraigned; and each entered pleas of not guilty to all counts.

During the arraignment hearing, Defendants made an application for an extension of time to file

pretrial motions.  The Court granted the request and extended the deadline to file pretrial motions

---
[1] Reederei and MST are both foreign companies headquartered in and existing under the laws of Germany.  Reederei is the Owner of the Vessel and MST is the Manager of the Vessel.

to October 23, 2017. *See* Procedural Order, Doc. 16.  The government's responses to Defendants' motions will be due within twenty-one (21) days (consistent with the Local Rules of this Court), which, at present, is on or before November 13, 2017 (assuming that the earliest and assumes that the government does not request additional time to respond). *Id*.  Pursuant to Local Rule 7(c), Defendants' will have fourteen (14) days to file a reply(s) (*i.e.* on or about November 27, 2017).

Previously, the Court and counsel for the parties discussed that the matter would be set on the trial schedule beginning on November 6, 2017 (Doc. 16), but the filing of pretrial motions would necessarily result in the need to continue trial (no earlier than the January trial term and likely later).  Thereafter, on or about September 26, 2017, the Court's automated Trial List Notice (with accompanying procedural deadlines) was received and directed counsel to 'advise the Clerk not later than October 17, 2017 whether their case is firm for trial . . ." *See* Doc. 24, p. 1.  This application follows.

Defendants intend to file, among others, complex and, in part, novel (legal and factual) motions challenging the sufficiency of the Indictment and seeking dismissal pursuant to Fed. R. Crim. P. 12.  Defendants also intend to seek to suppress the introduction of certain evidence at trial should the Indictment not be dismissed in its entirety.  Defendants' anticipated motions will likely require hearing(s) following the completion of briefing.  By the very nature of the significant motions expected to be filed by the Defendants, it is respectfully submitted that it is in the interests of justice to continue the trial.

On October 2, 2017, undersigned counsel sent a message seeking the government's consent to extend motion deadlines; to continue the trial; and to request a future date certain for trial due to the challenges anticipated with logistics for a case with almost all foreign nationals needing to appear at trial.  The government responded and, through a series of emails, acknowledged that

the trial was unlikely to proceed on November 6, 2017.  On October 16, 2017, the government stated that it "isn't opposed to pushing the trial out to January or February."  However, the government stated it is unable to agree to a joint (or unopposed) request for the continuance of trial prior to the Defendants pretrial motions being filed on October 23, 2017.[2]  Accordingly, Defendants now file the present application and request the Court exercise its broad discretion to grant Defendants' request for a continuance in this matter.  This is the first request for a continuance of trial.

## **ARGUMENT**

### I.      **Legal Standard of Review**

18 U.S.C. § 3161 expressly authorizes the Court to grant a continuance, at the request of the defendant or counsel, if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  This is precisely the case here.

Section 3161(h)(7)(B) identifies four (4) non-exhaustive factors to be considered by the Court in determining whether (or not) to grant a continuance under § 3161(h)(7)(A):

(i)      Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii)     **Whether the case is so** unusual or so **complex, due to** the number of defendants, **the nature of the prosecution**, or **the existence of novel questions of fact or law**, **that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section**.

(iii)    Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the

---

[2] Defendants have filed a motion for extension of time to file pretrial briefs to November 6, 2017 contemporaneously with the present application.

period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv)     Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, **would unreasonably deny the defendant or the Government continuity of counsel**, or **would deny counsel for the defendant** or the attorney for the Government **the reasonable time necessary for effective preparation, taking into account the exercise of due diligence**.

3161(h)(7)(B) (emphasis added); *see also* U.S. Const. amend. VI (guaranteeing, *inter alia*, the accused's right to assistance of counsel in criminal prosecutions). It is respectfully submitted that factors two (ii) and four (iv) are squarely applicable in this matter and firmly counsel in favor of a continuance.

It is well-settled that this Honorable Court has broad discretion to grant a motion to continue a trial. *See United States v. Mitchell*, 723 F.2d 1040, 1042-43, (1st Cir. 1983); *United States v. Henry*, 698 F.2d 1172, 1174 (11th Cir. 1983) ("Trial judges must consider those elements set forth in the Speedy Trial Act. Appropriate consideration must always be given to a multiplicity of factors, *i.e.* adequate time for defense counsel to prepare, number of defendants, pending motions, anticipated trial time, possible severances, conflicts in schedules of judges and trial counsel, etc. Such a list is possibly endless. Suffice it to say, a trial judge must be given broad discretion in attempting to comply with the mandates of the Speedy Trial Act and the exclusions thereto."); *see also United States v Gates*, 650 F. Supp. 2d 81 (D. Me. 2009); *United States v. Perez-Reveles*, 715 F.2d 1348, 1351 (9th Cir. 1983) (holding that the "'ends of justice' exclusion was included in the Act 'in response to the concern that courts need discretion to respond to characteristics of individual cases similar to those granted automatic exclusion.'"); *United States v. Hamilton*, 457 F.2d 95 (3d Cir. 1972).

A continuance of the trial of this matter is appropriate both under 18 U.S.C. §

4

3161(h)(7)(B)(ii) and/or (iv) to ensure that the parties (and the Court) have reasonable time necessary to address pretrial motions and sufficient time for trial preparation. None of the historic purposes[3] behind the Constitutional right to a speedy trial or the Speedy Trial Act are applicable in this case. There are no individual defendants incarcerated, or otherwise, in this case; there is no impairment of the rights of material witnesses (as four (4) previously detained material witnesses have been deposed and permitted to return to their respective countries); and all other anticipated government witnesses are agents and/or employees of the government.

## II.    Continuing the Trial Is Appropriate in this Action

Here, the ends of justice are best served by continuing the trial.

### A)    *Defendants Anticipate filing Several Complex and Novel Pretrial Motions*

The government's conduct during the course of the investigation and ultimate decision to pursue prosecution in this case raises complex and novel issues which will need to be addressed with the Court through pretrial motions. *See* p. 2, *supra.* Defendants anticipate motions to dismiss the indictment because, *inter alia*, the United States lacked jurisdiction; there was no U.S. crime committed in this case; and on the grounds that there were multiplicity and duplicity of counts, etc. Defendants also anticipate filing a motion to suppress on the grounds that the onboard searches and seizures by the Coast Guard (which took place over several days), were not administrative, but instead were part of a planned criminal prosecution and conducted, *inter alia*, in violation of the Fourth Amendment.

---

[3] "This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. . . . A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.'" *United States v. Ewell*, 383 U.S. 116, 119 (1966) (quoting *Beavers v. Haubert*,198 U.S. 77, 87 (1905).

Federal Rules of Criminal Procedure section 3161(1)(F) tolls any "delay resulting from any pretrial motion, from the filing of the motion, through the conclusion of the hearing on, or other prompt disposition of, such motion" from the calculation of time otherwise required to meet the Speedy Trial requirements.  Accordingly, the time consumed by these pretrial motions can (and will) be deemed excludable time and as such, the Speedy Trial Deadline will not be materially impacted by the continuance.

>    B)    *Continuances are Routinely Granted in Similar APPS Cases*

*United States v. Petraia Maritime Ltd*. was a similar vessel case which proceeded before this Court and involved three (3) counts of alleged failure to maintain an accurate Oil Record Book in violation of 33 U.S.C. 1908(a) and one (1) count of Obstruction of Justice pursuant to 18 U.S.C. 1505.  Once pretrial motions were filed on December 22, 2006, to, *inter alia*, dismiss the indictment and suppress evidence, District Judge Singal issued a notice holding that the case would not be placed on the Court's February Criminal Trial List and instead would be set for trial only after a ruling on the motions.  *See* 2:06-cr-00091-GZS, Doc. 26.   The Court set trial to proceed some five (5) months later (*i.e.* - on May 14, 2007), in the interests of justice and in order to consider and rule on the pretrial motions presented in that (strikingly similar) case.  *See, e.g*., Doc. 48, 59.

In *United States v. Giuseppe Bottiglieri Shipping Co. S.P.A*., 12-cr-0057, the District Court sitting in the Southern District of Alabama granted Defendants' motion for continuance in the interests of justice.  *Id*., at Doc. 63.  In that matter, Defendants were indicted on March 1, 2012 and were set for pretrial conference on April 4, 2012 with trial set to proceed during the April Trial Month.  Much like here, defendants' motion to continue was sought to permit defendants a reasonable amount of time to have pretrial motions resolved and thereafter to prepare

for trial, as necessary. *Id.* The Court ultimately continued trial for four (4) months (approximately) to July 2012 Trial Term. *Id.*, at Doc. 113.

Continuances are routinely issued in these types of complex "vessel" cases to permit the Court and the parties adequate time to resolve pretrial motions and prepare for trial. *See e.g., United States v. Ignacio, et al.*, 15-cr-108 (E.D.N.C. 2016) (*sua sponte* continuance of trial from June 6, 2016 to August 22, 2016 by District Judge Malcolm Howard to meet ends of justice); *United States v. Fleet Management, Ltd.*, et al. (E.D. Pa. 2007) (granting three (3) month continuance of trial on the motion of Defendants who were planning to file pretrial motions to dismiss and suppress, in order to permit adequate time for the filing and consideration of pretrial motions).

      C)    *There is No Material Prejudice to the Government*

It is respectfully submitted that the continuance sought by Defendants does not prejudice the government. The testimony of the government's key witnesses has already been preserved through Rule 15 depositions which were completed during September 11 – 12, 2017. These four (4) foreign national witnesses who were former crewmembers onboard the M/V MARGUERTIA have departed the United States. All other witnesses to be called by the government are government agents or employees. Furthermore, there is currently an ongoing investigation by the government into additional charges. Accordingly, there is no prejudice to the government's case caused by the continuance.

As the time would be excluded under the Speedy Trial Act and the government's response deadlines to pretrial motions are not even set until November 13, 2017 (*i.e.* seven (7) days after the case is presently set to commence trial, there is no material prejudice which will be suffered by the government as result of this continuance. Accordingly, it is respectfully submitted that the

continuance is warranted under the facts and circumstances of this matter, with the ultimate date of trial to be set once the pretrial motions are filed and briefed.

Defendants confirm that they are aware of their rights under the Speedy Trial Act and agree to waive the time period covering the requested continuance of trial (to the extent the time would not already be excluded as a result of Defendants pretrial motions in accordance with 3161(1)(F)).

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this Honorable Court to grant the Motion to Continue Trial to serve the ends of justice, and for such other and further relief to which Defendants may show themselves to be justly entitled. This Motion has not been brought in bad faith or for the purposes of delay, but so that justice may be done.

Dated:  Portland, Maine             CHALOS & CO., P.C.
        October 16, 2017

                                         /s/ George M. Chalos
                                         George M. Chalos
                                         *Pro Hac Vice*
                                         55 Hamilton Avenue
                                         Oyster Bay, New York 11771
                                         Tel.:    (516) 714-4300
                                         Fax:    (516) 750-9051
                                         Email: gmc@chaloslaw.com
                                         *Lead Trial Counsel for Defendants*

                                         -and-

                                         /s/ Peter E. Rodway
                                         Peter E. Rodway
                                         RODWAY & HORODYSKI
                                         P.O. Box 874
                                         Portland, Maine 04104
                                         Tel.:    (207) 773-8449
                                         Email: rodlaw@maine.rr.com
                                         *Local Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 16, 2017, I arranged for a copy of the foregoing to be served via email on counsel for the United States of America:

Shane N. Waller, shane.waller@usdoj.gov
John Cashman, john.cashman@usdoj.gov
Jon Chapman, jon.chapman@usdoj.gov


/s/ George M. Chalos
George M. Chalos

9