UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.                                              ) | No. 2:17-cr-00117-NT |
| ) | |
| MST MINERALIEN SCHIFFARHT ) | |
| SPEDITION UND TRANSPORT      ) | |
| GmbH and REEDEREI MS               ) | |
| "MARGUERITA" GmbH & CO.          ) | |
| GESCHLOSSENE INVESTMENT KG ) | |

## MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS, GOVERNMENT'S MOTION FOR DEPOSITION "GROUND RULES," AND DEFENDANTS' MOTION TO QUASH THAT MOTION

On September 8, 2017, following the defendants' arraignment on charges including violation of a federal statute requiring oceangoing cargo vessels to maintain accurate records of the transfer, discharge, and disposal of sludge, oil residue, oily mixtures, and bilge water, *see generally* Indictment (ECF No. 1), I held a hearing on several motions related to the then-imminent depositions of four material witnesses: the Government's Motion for Order Establishing Deposition Ground Rules ("Ground Rules Motion") (ECF No. 7), the Defendants' Motion To Quash Government's Application for "Ground Rules" . . . and Motion To Compel Complete Disclosures ("Motions To Quash/Compel") (ECF No. 8), and the Defendants' Emergency Motion To Compel Production of Interview Notes, Documents Under Seal, and Other Statements and Materials in the Possession of the United States ("Emergency Motion To Compel") (ECF No. 10).

Ruling from the bench, I granted in part the defendants' motions to compel (ECF Nos. 8 and 10), to the extent that I ordered the production of portions of written records, including rough notes, and documents from related sealed cases containing the substance of any relevant oral

1

statements made by the four material witnesses, and otherwise denied them. Following discussion, the government did not press its motion for ground rules (ECF No. 7), obviating the need to rule on either that motion or the defendants' motion to quash it (ECF No. 8).[1] I write now to clarify the bases for my rulings and to summarize my discussion with the parties regarding the government's bid for deposition ground rules.

## I. Background

Defendants MST Mineralien Schiffahrt Spedition und Transport GmbH ("MST")[2] and Reederei MS "Marguerita" GmbH & Co. Geschlossene Investment KG ("Reederei") are the operator and owner, respectively, of the *Motor Vessel* ("*M/V*") *Marguerita*, an oceangoing cargo vessel registered by the Republic of Liberia. Indictment ¶¶ 1-2. Shortly after the *M/V Marguerita* arrived in Portland Harbor on or about July 7, 2017, to perform cargo operations, federal agents boarded the vessel, conducting a criminal investigation that included interviews of crew members. Emergency Motion To Compel at 1-3. Several foreign crew members of the *M/V Marguerita* were detained on material witness arrest warrants. *See id*. at 1-2. In separate proceedings, four of those crew members contested their continued confinement pursuant to those warrants, as a result of which I ordered that the government take their depositions pursuant to Federal Rule of Criminal Procedure 15(a)(2) no later than September 23, 2017, enabling their return to their homelands.

The government scheduled the depositions of the four crew member material witnesses from September 11 to 13, 2017, at the U.S. District Court in Portland, Maine, filing its motion for the establishment of deposition ground rules on August 31, 2017. *See* Ground Rules Motion at 1. On September 1, 2017, the defendants filed their combined motion to quash the government's

---

[1] The ECF docket indicates that the government withdrew its Ground Rules Motion and that I granted in part and denied in part the defendants' Motion To Quash. *See* ECF Nos. 20-21. Nothing turns on these discrepancies.
[2] The court's caption spells MST as "Schiffarht", but the defendant refers to itself as "Schiffahrt" in its filings and exhibits.

application for ground rules and motion to compel complete disclosures, asserting, *inter alia*, that they had, as of then, received neither mandatory nor requested disclosures from the government. *See* Motion To Quash/Compel at 4-5, 8. They filed their emergency motion on September 5, 2017, stating that the government had by then produced a voluminous number of documents, most of which the defendants had previously produced to the government. *See* Emergency Motion To Compel at 3. However, they stated that the government had declined to produce "handwritten or rough notes" or "documents from the sealed proceedings involving the crewmembers from the MARGUERITA." *Id*. Hence, they sought an order compelling the production of those materials. *See id*. at 3-4. I scheduled a hearing on all four motions for September 8, 2017, immediately following the defendants' initial appearance and arraignment.

## II. Discussion

### A. Defendants' Motions To Compel (Rough Notes)

The defendants sought to compel the production of "all government agents' notes (including handwritten, rough, and smooth notes and memoranda) from the various crew member interviews and interrogations conducted both onboard the Vessel and since the crew disembarked[.]" Emergency Motion To Compel at 3-4 (footnote omitted). The government represented, at oral argument, that the only notes that it had not produced to the defendants were notes created during interviews of crew members aboard the vessel.

The defendants argued that they were entitled to copies of the handwritten notes pursuant to Federal Rule of Criminal Procedure 16(a)(1)(B)(ii), which states:

> Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following: . . . (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent[.]

3

Fed. R. Crim. P. 16(a)(1)(B)(ii). The government conceded at oral argument that the statements of the material witnesses can be imputed to the corporate defendants in this case, and did not dispute that those statements were made in response to interrogation during which no counsel for the defendants was present. However, the government took the position that its provision to the defendants of formal written reports of the interviews at issue satisfied the requirements of Rule 16.

The defendants argued that a plain reading of Rule 16(a)(1)(B)(ii) entitled them to the handwritten notes, and I agreed. The text of the rule makes clear that *any* written record that contains the substance of a defendant's relevant oral statement must be disclosed upon the defendant's request. This means that if the government is in possession of a document, regardless of its format or title, that contains the substance of a witness's statement, it must disclose that portion of the document upon request. That the same statement may have also been disclosed in a memorandum, report, or any other distillation or restatement, even verbatim, does not suffice to satisfy the clear command of Rule 16(a)(1)(B)(ii).

In this context, I deemed it instructive to examine a 1991 change in the text of the rule. Before that time, the rule "required production only of 'the substance of any oral statement' made by defendant during interrogation that the government intends to offer at trial." *United States v. Stein*, 424 F.Supp.2d 720, 729 (S.D.N.Y. 2006) (quoting the immediately prior version of the rule). By contrast, the rule as amended in 1991 and as still in effect today clearly requires that "any" written record containing the substance of a defendant's statement be disclosed on request, regardless of whether the government intends to offer it at trial. Indeed, the advisory committee's note to the 1991 amendment states, in relevant part:

> . . . The rule now requires the prosecution, upon request, to disclose any written record which contains reference to a relevant oral statement by the defendant which

> was in response to interrogation, without regard to whether the prosecution intends to use the statement at trial. The change recognizes that the defendant has some proprietary interest in statements made during interrogation regardless of the prosecution's intent to make any use of the statements.
>
> The written record need not be a transcription or summary of the defendant's statement but must only be some written reference which would provide some means for the prosecution and defense to identify the statement.
>
> ***
>
> The introductory language to the rule has been modified to clarify that without regard to whether the defendant's statement is oral or written, it must at a minimum be disclosed. Although the rule does not specify the means for disclosing the defendant's statements, if they are in written or recorded form, the defendant is entitled to inspect, copy, or photograph them.

Fed. R. Crim. P. 16 advisory committee's note to 1991 amendment. Thus, an agent's handwritten notes containing a defendant's statement clearly fall under the broad umbrella contemplated by the rule's drafters, and the provision of the "substance" of such a statement in lieu of the underlying rough notes themselves is inadequate.

I noted that, while the First Circuit had not ruled on the issue, two courts from within this circuit had held that Rule 16(a)(1)(B)(ii) applies to a law enforcement officer's handwritten notes of a defendant's statement made as part of an interrogation. *See United States v. Vallee*, 380 F. Supp.2d 11, 12 (D. Mass. 2005) ("The language of Rule 16[(a)(1)(B)(ii)] plainly, and unambiguously, requires the production of any handwritten notes of government agents containing the substance of anything said by the defendant during interrogation."); *United States v. Almohandis*, 307 F. Supp.2d 253, 257 (D. Mass. 2004) ("[A]n agent's rough notes of an interview of a defendant in circumstances in which the defendant, at the time of the interview[,] knew that the interviewer was a government agent, are required to be produced under Rule 16(a)(1)(B)(ii)[.]").

Other courts from outside this circuit have also so held. *See, e.g., United States v. Clark*, 385 F.3d 609, 619 (6th Cir. 2004) (finding that an agent's "'rough notes' of Defendant's interrogation qualify as . . . a written record" under Rule 16(a)(1)(B)(ii)); *Stein*, 424 F. Supp.2d at 728-29 (ordering government, pursuant to Rule 16(a)(1)(B)(ii), to produce "any rough notes taken by government agents during interviews with the moving defendants"). *See also, e.g.*, *United States v. Molina-Guevara*, 96 F.3d 698, 705 (3d Cir. 1996) (government conceded on appeal that its failure to produce agent's handwritten notes of interview with defendant violated Rule 16). I found the logic and reasoning of these cases persuasive.

Finally, I observed that, as a practical matter, it was in the interest of all concerned for the government to produce the requested rough notes prior to the material witnesses' depositions, averting the risk that their deposition testimony might be deemed inadmissible at trial for failure to safeguard the defendants' constitutional right to confront the witnesses against them. *See United States v. Caramadre*, 882 F.Supp.2d 295, 299 (D.R.I. May 15, 2012) (if the government "adequately preserve[s] [a criminal defendant's] constitutional rights when [a Rule 15 deposition is] taken," then "the prior testimony of the now-unavailable witnesses is admissible at trial pursuant to Rule 804(b)(1) of the Federal Rules of Evidence and *Crawford v. Washington*, 541 U.S. 36 . . . (2004)") (footnote omitted). The rough notes might well contain information that could serve as fresh fodder for impeachment or additional lines of inquiry on cross-examination.

For the foregoing reasons, I granted in part the defendants' motions to compel the production of written records, including rough notes, to the extent that I ordered the government to produce to the defendants, no later than the close of business on September 9, 2017, those

6

portions containing the substance of any relevant oral statement made by the four material witnesses, and otherwise denied those motions.³

B. **Defendants' Motions To Compel (Sealed Documents from Related Cases)**

The defendants further requested that the court compel the government to produce "copies of complete sets of the documents, materials, pleadings, affidavits, declarations, and/or memorandums of law filed by the government and/or government agents" in six separate sealed cases concerning the material witnesses (collectively, the "Sealed Cases").⁴ Emergency Motion To Compel at 10.

At oral argument, the defendants clarified that they sought only those portions of the sealed files containing any relevant oral statement made by the material witnesses, which they argued were subject to the mandate of Rule 16(a)(1)(B)(ii) and/or Rule 16(a)(1)(B)(i), which directs that, upon a defendant's request, the government must disclose to the defendant "any relevant written or recorded statement by the defendant if . . . the statement is within the government's possession, custody, or control; and . . . the attorney for the government knows – or through due diligence could know – that the statement exists[.]" Fed. R. Crim. P. 16(a)(1)(B)(i).

The government did not object to that request as narrowed. Accordingly, without objection, and for the same reasons as stated above, I granted in part the defendants' motions to compel, to the extent that I ordered the government to produce to the defendants, no later than the close of business on September 9, 2017, those portions of documents filed in the Sealed Cases containing the substance of any relevant oral statement made by the four material witnesses, and

---

³ I observed, for example, that any notes the agents made to themselves would not be covered by the mandate of Rule 16(a)(1)(B)(ii).
⁴ The Sealed Cases are: *In re Material Witness Lukas Zak*, No. 2:17-mj-00154-JHR (D. Me.), *In re Material Witness Jaroslav Hornof*, No. 2:17-mj-00174-JHR (D. Me.), *In re Material Witness Damir Kordic*, No. 2:17-mj-00184-JHR (D. Me.), *In re Material Witness Peter Demcak*, No. 2:17-mj-00185-JHR (D. Me.), *In re Motion for Conflict Counsel*, No. 2:17-mc-00192-JHR (D. Me.), and *In re Motion for Return of Property*, No. 2:17-mc-00199-JHR (D. Me.).

otherwise denied them. I further ordered that this production be made pursuant to a confidentiality order to be agreed to and executed by the defendants, containing provisions that the documents could be used only for the purposes of their defense in this case, were to remain in the possession of defense counsel, could not be copied, and could not be shared other than with the defendants.

### C. Government's Motion for Deposition "Ground Rules"

The government moved for an order establishing seven "ground rules" to govern the depositions of the material witnesses. *See* Ground Rules Motion at [2]-[3]. The proposed ground rules were:

1. The Federal Rules of Criminal Procedure and the Federal Rules of Evidence apply.
2. Any objections by the defendants to taking the depositions, or their subsequent use at trial, shall be made on the record prior to the commencement of the depositions.
3. The examination of the witnesses shall be conducted in the same manner as though the witnesses were being examined at trial. Government counsel will conduct direct examination, followed by cross examination by the defendants' counsel, and concluding with re-direct by government counsel.
4. Questioning of the witnesses is limited to relevant information related to the charges in the indictment.
5. The witnesses shall not be harassed.
6. Both parties are to exchange any exhibits and/or exhibit lists that are intended to be used at the deposition sufficiently in advance to prepare for the depositions.
7. When raising objections, counsel will state only the evidentiary rule that provides the basis for the objection and shall avoid the use of "speaking objections."

*Id.*

The defendants moved to quash the government's motion for ground rules, arguing, *inter alia*, that most of the proposed ground rules were superfluous because their subject matter was addressed in Federal Rule of Criminal Procedure 15 and that, pursuant to Rule 15(e)(2), and contrary to proposed Ground Rule No. 3, the defendants were entitled to re-cross-examine the witnesses. *See* Motions To Quash/Compel at 5-9.

Indeed, Rule 15(e) directs that "a deposition must be taken and filed in the same manner as a deposition in a civil action" with three exceptions, including that "[t]he scope and manner of the deposition examination and cross-examination must be the same as would be allowed during trial." Fed. R. Crim. P. 15(e). In addition, Rule 15(g) provides that "[a] party objecting to deposition testimony or evidence must state the grounds for the objection during the deposition," Fed. R. Crim. P. 15(g).

At oral argument, the government conceded that many of its proposed ground rules were covered by Rule 15 but initially argued that proposed Ground Rules No. 4 (limitation on the scope of questioning) and/or No. 7 (ban on speaking objections) were necessary to facilitate the completion of the depositions in two days, the time frame requested by the defendants. Following a discussion of the logistics of the depositions and of my expectations for how they would be conducted (set forth below), the government did not press those points further, mooting its motion for ground rules and the defendants' motion to quash that motion.

I advised both sides that I expected the depositions to be focused on the purpose for which they were to be taken, *i.e.*, to preserve the testimony of witnesses who might not be available for trial, and to be conducted in accordance with applicable rules, pursuant to which, for example, examination and cross-examination was to be permitted as at trial, with no prohibition on re-cross-examination, *see* Fed. R. Crim. P. 15(e)(2), and objections were to be "stated concisely in a nonargumentative and nonsuggestive manner[,]" Fed. R. Civ. P. 30(c)(2), *incorporated by reference in* Fed. R. Crim. P. 15(e).

### III. Conclusion

For the foregoing reasons, I **GRANTED** the defendants' motions to compel (ECF Nos. 8 and 10) **IN PART**, to the extent that I ordered the government to produce to the defendants, no

9

later than the close of business on September 9, 2017, portions of written records, including rough notes, and documents from the Sealed Cases containing the substance of any relevant oral statements made by the four material witnesses, and otherwise **DENIED** them. The government's motion for deposition ground rules (ECF No. 7) and the defendants' motion to quash that motion (ECF No. 8) were **MOOTED** by the government's election not to press that motion following discussion at oral argument.

Dated this 19th day of November, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge