UNITED STATES DISTRICT COURT
                              DISTRICT OF MAINE

........................................
UNITED STATES OF AMERICA         .
                                 .    CASE No.: 2:17-cr-00117-NT
v.                               .
                                 .
MST MINERALIEN SCHIFFAHRT        .
SPEDITION UND TRANSPORT GMBH, *et al.*, .
                                 .
    *Defendants*                 .
........................................

### OBJECTION OF JAROSLAV HORNOF, DAMIR KORDIC AND LUKAS ZAK TO THE GOVERNMENT'S MOTION FOR RELIEF TO FILE APPENDIX

Jaroslav Hornof of the Czech Republic, Damir Kordic of Croatia, and Lukas Zak of the Slovak Republic (the "Crewmen") respectfully respond to the government's motion for leave to file a so-called factual appendix with attachments to support the government's opposition to the Crewmen's motions for awards under 33 U.S.C. §1908(a).

The Court limited the parties to ten-page submissions, and the Crewmen respectfully submit that *if* the Court has questions beyond those submissions, it would be more appropriate, fairer, more informative, and interesting for the Court to hold an evidentiary hearing. The Crewmen would be honored to make themselves available to testify by video conference from their home countries. On the other hand, the Crewmen would prefer not to burden the Court with another round of extensive paper filings, focused perhaps on issues the Court may feel in its discretion are tangential.

Because section 1908(a) awards are expressly subject to discretion, it is impossible to be certain, but the Crewmen suspect much of the government's submission is tangential. The filing relates largely to dealings between counsel and to legal positions counsel took related to whether (a) the government acted improperly in the various ways it detained these good foreign gentlemen, including in demanding they be pledged as collateral or "surety" for the release of a

vessel that was liable in rem for civil and criminal fines and, relatedly, (b) whether port states have and should exercise jurisdiction over high seas pollution from foreign ships, especially if doing so infringes on seafarers' fundamental rights. The Crewmen respectfully submit that the burdens imposed on them as foreign seafarers detained in a foreign land are relevant in making just awards. But they understand the Court is unlikely to address in the pending context the important issues of international and constitutional law underlying their detentions. The Court made clear it felt counsel was too strident in pressing his firmly held belief that his country should embrace a cooperative approach to MARPOL enforcement and honor the fundamental rights of foreign seafarers. But the Court also explained it did "not think Mr. Hornof should be punished for Mr. MacColl's stridency." [September 6, 2017 Transcript, p. 72.] When the undersigned counsel began to respond, the Court emphasized the point, noting the issues were "so tangential" they warranted no further discussion. [*Id*., p. 74.]

In addition to addressing issues that are at best tangential, the government's submissions include many out-of-context statements and messages. For example, the government includes electronic correspondence raising the question, previously raised by the government, whether the Crewmen would be paid wages for spending another week-and-a-half in the United States for the scheduled May trial, erroneously implying the Crewmen did not firmly commit to attend the May trial and conditioned their appearance. But the government omitted the follow up communications on April 16 (which the Crewmen attached to their Reply to Motion for APPS Awards) that the Crewmen were not conditioning their appearance, assuring the government the Crewmen would meet their obligations, and asking the government not to mispresent the matter.

On the other hand, the government's response includes no documentation supporting assertions in the government's objection to 1908 awards that might be relevant. For example, the objection asserts, "Mr. Hornof ceased to cooperate as soon as he came to be represented by

Edward MacColl." Yet the "Factual Record" is devoid of any document supporting the mistaken assertion. Instead, as documented in the Crewmen's Rreply, all Crewmen continued to be available and cooperative (while seeking to preserve their basic human rights). Counsel arranged for the Crewmen to meet with government investigators, to testify without formal service of subpoenas before the grand jury, to appear for depositions and, twice, to travel from eastern Europe for trial. Many of those events were cancelled, but, as documented, always by the government. None of the Crewmen *ever* refused or missed a requested meeting or proceeding. Counsel respectfully submits the existing record demonstrates conclusively the Crewmen went above and beyond the call of duty to this foreign country, especially considering the extraordinary burdens we imposed on them. And it cannot be disputed on any potential record that these fine gentlemen were "person[s] giving information," candor, sacrifice, and bravery "leading to the assessment of" $500,000 in APPS fines and $3,200,000 in total fines, within in the meaning of 33 U.S.C. §1908, and it is undisputed the events and their cooperation ended the maritime careers of each of the Crewmen.

The Crewmen therefor suspect the existing record, limited to the submissions the Court requested and authorized, is adequate.

Out of abundant caution, however, the Crewmen file herewith the Crewmen's Factual Appendix. Against the possibility the Court considers the matter relevant, it puts into context the circumstances that informed their counsel's deeply-held (if stridently-expressed) view that from the moment of their arrival the fundamental rights of the entire crew, including the Crewmen, were violated – and that, as the Crewmen feared, the government always planned to detain large numbers of the crew for an extended period, and did so improperly. Accordingly, the Crewmen respectfully ask that *if* the Court considers the government's Factual Record, it also consider the filings attached herewith.

Again, however, the Crewmen respectfully suggest that a hearing focused on any questions the Court may have or any issues the Court would like addressed would be a more efficient and helpful path forward.

Respectfully submitted this 7th day of December, 2018.

      /s/ Edward S. MacColl
Edward S. MacColl BRN 2658
Attorney for Damir Kordic, Jaroslav Hornof, and Lukas Zak

THOMPSON, MACCOLL & BASS, LLC, P.A.
15 Monument Square
P.O. Box 447
Portland, ME 04112-0447
(207) 774-7600

**CERTIFICATE OF SERVICE**

I certify that that the forgoing filing was filed via the Court's Electronic Court Filing System, which will cause the filing to be served on all parties and all counsel of record.

      /s/ Edward S. MacColl
Edward S. MacColl